**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Raul GONZALEZ–TORRES,**
**Defendant–Appellant.**

**No. 06–40261**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Richard Javier Gonzalez, Laredo, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM: *

Raul Gonzalez–Torres pleaded guilty to conspiring to possess with intent to distribute over 100 kilograms of marijuana. He

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred by denying him a safety valve adjustment pursuant to U.S.S.G. § 5C1.2. Of the five criteria for a § 5C1.2 adjustment, the only one at issue here is the requirement that the defendant truthfully provide the Government with all the information and evidence he has concerning the offense. *See* § 5C1.2(a)(5). The district court heard directly from Gonzalez–Torres and concluded that his story, including that a man he barely knew asked him to transport approximately 200 kilograms of marijuana on the spur of the moment, was incredible. The district court's credibility determination, which is entitled to deference, was not clearly erroneous. *See United States v. McCrimmon,* 443 F.3d 454, 457–58 (5th Cir.), *cert. denied,* 547 U.S. 1120, 126 S.Ct. 1931, 164 L.Ed.2d 679 (2006); *United States v. Calbat,* 266 F.3d 358, 364 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.